**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Lee BRADFORD, Jr., Defendant-Appellant.**

**No. 19629.**

United States Court of Appeals,
Sixth Circuit.

Decided March 31, 1970.

George Edward Overbey, Jr., Murray, Ky. (court appointed), for appellant.

John R. Wilson, Louisville, Ky. (Ernest W. Rivers, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and O'SULIVAN, Senior Circuit Judge.

PER CURIAM.

Thomas Lee Bradford, Jr., appeals from judgment entered in the United States District Court for the Western District of Kentucky upon a jury verdict finding him guilty of uttering an instrument as true, knowing it to be forged. This was a crime under Kentucky law, KRS 434.130. The offense having been committed on the premises of Fort Campbell, Kentucky, he was prosecuted in the United States District Court under Section 13 of Title 18, United States Code. The following, from the government's brief to this Court, is a fair report of the facts:

"In October of 1968, Floyd's Market in Nashville, Tennessee, was burglarized and eighty American Express Money Orders were taken along with a checkwriter. At the time of the burglary all the money orders were blank. A money order—with a serial number AT–712,499,151 was one of the money orders taken.

"On November 2, 1968, the appellant, Bradford, presented American Express Money Order No. AT–712,-499,151 to Mrs. Hinton, an employee of Planters Bank and Trust Co. for cashing. Planters Bank is located at Ft. Campbell in Kentucky. The money order was made payable to a Vernon M. Mallory and had previously been endorsed when presented at the bank.

"Mrs. Hinton testified that the appellant displayed a selective service card bearing the name Vernon M. Mallory when asked for identification. The money order was similar to other stolen money orders that had been passed in the area.

"Subsequently, the Military Police were summoned to the bank and the appellant was taken into custody.

"Sgt. Harrison, Criminal Investigation Detachment, testified that the appellant had a military I.D. card in his possession bearing the name of Pfc. Cardell E. Simpson."

There was evidence that appellant, when detained at the bank teller's window, made no effort to escape. This evidence is said to add strength to the

presumption of innocence that attaches at all times to whomever is accused of crime. Bradford's counsel moved for a direction of acquittal, urging that his docile conduct in waiting at the teller's window, plus the presumption of innocence, destroyed any inference of guilt that could arise from the proven facts.

The appellant's position is novel and his appointed counsel, with becoming candor, asks that we reconsider the traditional and universal rule of the United States Courts that in testing the sufficiency of prosecution evidence to withstand a motion for direction, the government's evidence is to be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. De Niro, 392 F.2d 753, 756 (6th Cir. 1968); United States v. Carter, 311 F.2d 934, 940 (6th Cir. 1963), cert. denied, 373 U.S. 915, 83 S. Ct. 1301, 10 L.Ed.2d 415. In addition to our duty to obey the Supreme Court, we consider the prevailing rule to be sound. Certainly the evidence in this case does not tempt us to pioneer. We borrow the language of Judge Weick in *De Niro* to say that,

> "Even under a standard less stringent than that enunciated above, the defendants [appellant Bradford] on the record here would not have been entitled to the relief which they [here appellant Bradford] sought." 392 F.2d at 756.

On ruling on a motion for a directed acquittal, the trial judge does not act as trier of the facts, substituting his judgment for that of the jury, but merely exercises his governance over the trial to insure that no miscarriage of justice occurs. It is his duty to prevent the jury from speculating on insubstantial evidence when a man's freedom is at stake. Here the trial judge properly exercised his function. In our view, the evidence was substantial, and such that reasonable minds could find Bradford guilty beyond a reasonable doubt.

Judgment affirmed.